W. T. WADE, *Appellant*, v. W. C. MOORE, *Appellee*.

Opinion Filed November 11, 1913.

1. A conditional vendee, who voluntarily rescinds a contract of sale, by delivering back possession of all the land to the conditional vender, upon failure to pay an installment when due, has no equity as against such vendor for an installment paid and contractually treated as rent, his possession being in nowise disturbed.

2. A prayer for relief not based upon allegations in the statement of the bill, creates no equity.

Appealed from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*W. F. Himes,* for Appellant;

*Dozier A. DeVane,* for Appellee.

COCKRELL, J.—After the conditional vendee had enjoyed the possession of the realty for nine months, and having failed to pay an installment of the purchase money, he voluntarily surrendered possession to the vendor and then filed his bill to rescind the contract and prayed that the initial payment be declared a lien upon the property. Under the contract of sale all payments made were in case of forfeiture to be treated as rent.

To work out an equity under these rather unusual circumstances it is alleged that prior to the making of the contract, which described the lands in the usual way, the vendor pointed out to the vendee, a stranger, a particular seven acre tract peculiarly adapted to his needs as a truck garden, as being within the eighty acre tract, named in the contract, whereas about half of this seven acres was not in fact contained therein, and also it is alleged

that fifteen or more years before the vendor had made deeds to twenty other acres of the tract, and that these facts became known to the vendee after the maturity of the unpaid note, but just before the contractual thirty days of grace before forfeiture expired.

There is no hint that the possession of the vendee was in any wise interfered with or threatened as to any portion of the lands in fact or supposedly to be covered by the contract, nor is there any showing that the vendor could not comply with the contract which called for a title at its termination. If legal fraud was in fact perpetrated upon the vendee, who by surrendering up possession to the vendor, has terminated and rescinded the contract, there is nothing to indicate wherein possible harm has, or may be, done him, not redressable in a court of law.

As to the promissory notes they are barely mentioned, except in the prayer asking their return, no hint that their return has ever been requested, demand made by the payee upon them, or that they may be negotiated.

The bill is wholly wanting in equity and the demurrer thereto was properly sustained.          ,

Order affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.